# EXHIBIT A

**Nicholas R. Farnolo, Esq.   (Atty. ID No.: 270092007)**
**NAPOLI SHKOLNIK, PLLC**
**360 Lexington Avenue, 11ᵗʰ Floor**
**New York, NY 10017**
**(212) 397-1000**
**E-mail: Nfarnolo@napolilaw.com**
**Attorney(s) for Plaintiff(s)**

-------------------------------------------------------------

THE ESTATE OF TAMMY TERRANOVA, by her Administrator Ad Prosequendum, HOPE TERRANOVA,

                           Plaintiffs,

vs.

LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z" (fictitious names for persons whose present identities are unknown), ABC CORPORATIONS "A" THROUGH "Z" (These names being fictitious as their true identities are presently unknown)

                           Defendants.

-------------------------------------------------------------

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY

DOCKET NO.:

CIVIL ACTION

**SUMMONS**

From The State of New Jersey To The Defendants Named Below:

**LINDEN GARDEN ESTATES LLC**
**D/B/A ARISTACARE AT DELAIRE**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

**ARISTACARE LLC**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

**SIDNEY GREENBURGER**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

**CHAYA COHEN**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

**LLC GENVEST**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**


**ZVI KLEIN**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**


The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at (http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.)   If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff s attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $200.00 for Law Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for Local Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above.


|  | MICHELLE M. SMITH |
|---|---|
| Dated: April 21, 2022 | Clerk of the Superior Court |

**Name/Address of Defendant(s) to Be Served:**

**LINDEN GARDEN ESTATES LLC**
**D/B/A ARISTACARE AT DELAIRE**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**


**ARISTACARE LLC**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

2

**SIDNEY GREENBURGER**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**


**CHAYA COHEN**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

**LLC GENVEST**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**


**ZVI KLEIN**
**400 W. Stimpson Avenue**
**Linden, New Jersey 07036**

NAPOLI SHKOLNIK, PLLC
By:    Nicholas R. Farnolo, Esq. (02709-2007)
360 Lexington Avenue, 11th Floor
New York, New York 10017
Phone: (212) 397-1000
Attorneys for Plaintiffs

| | |
|---|---|
| THE ESTATE OF TAMMY TERRANOVA, by her Administrator Ad Prosequendum, HOPE TERRANOVA,<br><br>                    Plaintiffs,<br>vs.<br><br>LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z" (fictitious names for persons whose present identities are unknown), ABC CORPORATIONS "A" THROUGH "Z" (These names being fictitious as their true identities are presently unknown)<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  UNION COUNTY DOCKET NUMBER:<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, by their attorneys, NAPOLI SHKOLNIK PLLC, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

<b><u>THE PARTIES</u></b>

1.     Plaintiff HOPE TERRANOVA is the daughter of the plaintiff's decedent, TAMMY TERRANOVA, and is a resident of the State of New Jersey, County of Sussex.

2.     Plaintiff's decedent, TAMMY TERRANOVA, died on April 22, 2020, at the County of Union.

3.     Plaintiff HOPE TERRANOVA brings this action pursuant to N.J.S.2A:15-3 and N.J.S.2A: 31-2, being that she is qualified for appointment as Administrator Ad Prosequendum of the Estate of

TAMMY TERRANOVA but has not yet been appointed as such by the Sussex County Surrogate's Court at the time of filing the present Complaint.

4.      The cause of action arose in the State of New Jersey, County of Union.

5.      The plaintiff's decedent, TAMMY TERRANOVA, was admitted to defendant ARISTACARE AT DELAIRE on or around May 2018, and remained a resident of that facility until April 22, 2020.

6.      The plaintiff's decedent, TAMMY TERRANOVA, was a resident at defendant ARISTACARE AT DELAIRE when she contracted COVID-19 and passed away on April 22, 2020.

7.      Defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE is a nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

8.      Defendant ARISTACARE LLC is located at 40 Norwood Ave., Plainfield, New jersey 07060-1324.

9.      According to the New Jersey Department of Health and Senior Services, defendant ARISTACARE AT DELAIRE is owned by defendant LINDEN GARDEN ESTATES LLC, which is located at 245 Birchwood Avenue, Cranford, New Jersey 07016.   In order to be issued a licensed to operate a long-term care facility, the names of owners and officers and/or members must be identified for liability purposes.

10.     Based on information and belief, defendants ARISTACARE AT DELAIRE and LINDEN GARDEN ESTATES LLC are owned and operated by defendant ARISTACARE LLC, JOHN and/or JANE DOES "A" through "Z" (fictitious names for persons whose present identities are unknown), and/or defendant ABC CORPORATIONS "A" through "Z" (fictitious names for entities whose present identities are unknown), individually, jointly, severally, and in the alternative.

11.     Defendants JOHN and JANE DOES, "A" through "Z" (fictitious names for persons whose present identities are unknown), are all individuals involved with the care provided and/or management and/or ownership of entities that provided care to plaintiff's decedent, TAMMY TERRANOVA, while she was a resident at defendant's nursing home.

12.     Defendants ABC CORPORATIONS, "A" through "Z" (fictitious names for entities whose present identities are unknown), are corporations or other legal entities involved with the care provided and/or management and/or ownership of entities that provided care to plaintiff's decedent, TAMMY TERRANOVA, while she was a resident at defendant's nursing home.

13.     That at all times relevant hereto, defendant SIDNEY GREENBURGER was an administrator at defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE and was responsible for the implementation of policy and oversight of the care provided to the residents of the facility, including the plaintiff's decedent.

14.     That at all times relevant hereto, defendant CHAYA COHEN was an administrator at defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE and was responsible for the implementation of policy and oversight of the care provided to the residents of the facility, including the plaintiff's decedent.

15.     That at all times relevant hereto, defendant LLC GENVEST was an administrator at defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE and was responsible for the implementation of policy and oversight of the care provided to the residents of the facility, including the plaintiff's decedent.

16.     That at all times relevant hereto, defendant ZVI KLEIN was an administrator at defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE and was responsible for the

implementation of policy and oversight of the care provided to the residents of the facility, including the plaintiff's decedent.

17.     That at all times relevant hereto, the term "nursing home" shall refer to and include defendants LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE,  ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES "A" through "Z", and ABC CORPORATIONS "A" through "Z", the owner(s) and operator(s) of same, as well as any agents, representatives, employees, care givers, nurses, directors, doctors, physician's assistants, or staff members of said defendants.

18.     That at all times relevant hereto, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE was and still is an entity duly organized under and existing by virtue of the laws of the State of New Jersey.

19.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC was and still is a domestic limited liability company, duly organized under and existing by virtue of the laws of the State of New Jersey.

20.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" were and still are domestic limited liability companies and/or corporations, duly organized under and existing by virtue of the laws of the State of New Jersey.

21.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE, was and still is a business entity doing business within the State of New Jersey.

22.     That at all times hereinafter mentioned, upon information and belief, the defendant, ARISTACARE LLC, was and still is a business entity doing business within the State of New Jersey.

23.     That at all times hereinafter mentioned, upon information and belief, the defendant, ABC CORPORATIONS "A" through "Z" were and still are business entities doing business within the State of New Jersey.

24.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE maintained its principal place of business in the County of Union, State of New Jersey.

25.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC maintained its principal place of business in the County of Union, State of New Jersey.

26.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" maintained their principal place of business in the State of New Jersey.

27.     That at all times hereinafter mentioned, defendant LINDEN GARDEN ESTATES LLC was authorized to do business and to operate a nursing home located at 400 W. Stimpson Avenue, Linden New Jersey 07036, known as ARISTACARE AT DELAIRE.

28.     Prior to and at all times hereinafter mentioned, defendant ARISTACARE LLC was authorized to do business and to operate a nursing home located at 400 W. Stimpson Avenue, Linden New Jersey 07036, known as ARISTACARE AT DELAIRE.

29.     Prior to and at all times hereinafter mentioned, defendant ABC CORPORATIONS "A" through "Z" were authorized to do business and to operate a nursing home located at 400 W. Stimpson Avenue, Linden New Jersey 07036, known as ARISTACARE AT DELAIRE.

30.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC was the owner of a certain nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, known as ARISTACARE AT DELAIRE.

31.     Prior to and at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC was the owner of a certain nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, known as ARISTACARE AT DELAIRE.

32.     Prior to and at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" were the owners of a certain nursing home facility located at 400 W. Stimpson Avenue, Linden New Jersey 07036, State of New Jersey, known as ARISTACARE AT DELAIRE.

33.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC was doing business as ARISTACARE AT DELAIRE.

34.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC was doing business as ARISTACARE AT DELAIRE.

35.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" were doing business as ARISTACARE AT DELAIRE.

36.     That at all times relevant hereto, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE owned the premises and appurtenances and fixtures thereto, located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

37.     That at all times relevant hereto, upon information and belief, defendant ARISTACARE LLC owned the premises and appurtenances and fixtures thereto, located 400 W. Stimpson Avenue, Linden, New Jersey 07036.

38.     That at all times relevant hereto, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" owned the premises and appurtenances and fixtures thereto, located 400 W. Stimpson Avenue, Linden, New Jersey 07036.

39.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE was and is the lessor of the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

40.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC was and is the lessor of the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

41.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" were and are the lessors of the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

42.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE was the lessee of the aforesaid nursing home facility.

43.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC was the lessee of the aforesaid nursing home facility.

44.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" were the lessees of the aforesaid nursing home facility.

45.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE maintained the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

46.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC maintained the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

47.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" maintained the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

48.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE managed the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

49.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC  managed the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

50.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" managed the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

51.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE operated the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

52.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC operated the nursing home facility located at 400 W. Stimpson Avenue, Linden New Jersey 07036.

53.    That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" operated the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

54.    That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE controlled the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

55.    That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC controlled the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

56.    That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" controlled the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

57.    That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE supervised the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

58.    That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC. supervised the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

59.    That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" supervised the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

60.     That at all times hereinafter mentioned, upon information and belief, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE   inspected the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

61.     That at all times hereinafter mentioned, upon information and belief, defendant ARISTACARE LLC  inspected the nursing home facility located at 400 W. Stimpson Avenue, Linden New Jersey 07036.

62.     That at all times hereinafter mentioned, upon information and belief, defendant ABC CORPORATIONS "A" through "Z" inspected the nursing home facility located at 400 W. Stimpson Avenue, Linden, New Jersey 07036.

63.     That at all times relevant hereto, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE  had possession and control of the building and facilities where the nursing home facility is located.

64.     Prior to and at all times relevant hereto, defendant ARISTACARE LLC had possession and control of the building and facilities where the aforesaid nursing home facility is located.

65.     Prior to and at all times relevant hereto, defendant ABC CORPORATIONS "A" through "Z" had possession and control of the building and facilities where the aforesaid nursing home facility is located.

66.     That at all times hereinafter mentioned, defendant LINDEN GARDEN ESTATES LLC was and still remains engaged in the ownership, operation, control, maintenance, and management of the nursing home known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, which was and still is governed by the laws and regulations of the State of New Jersey and Federal laws and regulations.

67.     That at all times hereinafter mentioned, defendant ARISTACARE LLC was and still remains engaged in the ownership, operation, control, maintenance, and management of the nursing home known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, which was and still is governed by the laws and regulations of the State of New Jersey and Federal laws and regulations.

68.     That at all times hereinafter mentioned, defendant ABC CORPORATIONS "A" through "Z" was and still remains engaged in the ownership, operation, control, maintenance, and management of the nursing home known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, which was and still is governed by the laws and regulations of the State of New Jersey and Federal laws and regulations.

69.     That at all times relevant hereto, defendant LINDEN GARDEN ESTATES LLC was and still is engaged in conducting and operating a nursing home facility for nursing care at the aforesaid location, known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

70.     That at all times relevant hereto, defendant ARISTACARE LLC was and still is engaged in conducting and operating a nursing home facility for nursing care at the aforesaid location, known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

71.     That at all times relevant hereto, defendant ABC CORPORATIONS "A" through "Z" was and still is engaged in conducting and operating a nursing home facility for nursing care at the aforesaid

location, known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff to care for those who are ill.

72.     That at all times relevant hereto, defendant LINDEN GARDEN ESTATES LLC was and still is engaged in conducting and operating a nursing home facility for the rehabilitation care of ill and injured persons known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff.

73.     That at all times relevant hereto, defendant ARISTACARE LLC  was and still is engaged in conducting and operating a nursing home facility for the rehabilitation care of ill and injured persons, known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff.

74.     That at all times relevant hereto, defendant ABC CORPORATIONS "A" through "Z"  was and still is engaged in conducting and operating a nursing home facility for the rehabilitation care of ill and injured persons, known as ARISTACARE AT DELAIRE,  located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, and holds itself out to the general public as a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff.

75.     That at all times relevant hereto, defendant LINDEN GARDEN ESTATES LLC claimed to provide for the proper care and safety of the residents at ARISTACARE AT DELAIRE,  and which was to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents and which held itself out to the general public as furnishing

treatment facilities where patients and residents, including plaintiff's decedent TAMMY TERRANOVA, could be provided with proper care and safety.

76.     That at all times relevant hereto, defendant ARISTACARE LLC claimed to provide for the proper care and safety of the residents at ARISTACARE AT DELAIRE, and which was to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents and which held itself out to the general public as furnishing treatment facilities where patients and residents, including plaintiff's decedent TAMMY TERRANOVA, could be provided with proper care and safety.

77.     That at all times relevant hereto, defendant ABC CORPORATIONS "A" through "Z" claimed to provide for the proper care and safety of the residents at ARISTACARE AT DELAIRE,  and which was to provide personnel, including doctors, nurses, attendants, assistance and others for the proper, safety and good treatment of its patients and residents and which held itself out to the general public as furnishing treatment facilities where patients and residents, including plaintiff's decedent TAMMY TERRANOVA, could be provided with proper care and safety.

78.     That at all times hereinafter mentioned, defendant LINDEN GARDEN ESTATES LLC d/b/a ARISTACARE AT DELAIRE  represented that its nursing home, located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, was competent to perform and render all the resident care, medical care, treatment, services, and advice required by plaintiff's decedent, TAMMY TERRANOVA.

79.     That at all times hereinafter mentioned, defendant ARISTACARE LLC  represented that its nursing home, 400 W. Stimpson Avenue, Linden New Jersey 07036, was competent to perform and render all the resident care, medical care, treatment, services, and advice required by plaintiff's decedent, TAMMY TERRANOVA.

80.     That at all times hereinafter mentioned, defendant ABC CORPORATIONS "A" through "Z" represented that its nursing home, 400 W. Stimpson Avenue, Linden, New Jersey 07036, was competent to perform and render all the resident care, medical care, treatment, services, and advice required by plaintiff's decedent, TAMMY TERRANOVA.

81.     Plaintiff alleges that all negligent acts attributed to any of the Defendants shall be also attributed to all of the Defendants based on the mechanism, processes, procedures and protocols by which decisions were made at the defendant nursing home facility known as ARISTACARE AT DELAIRE, as well as the application of agency principles.

82.     Plaintiff alleges that all named Defendants have direct liability based upon control in determining budgets and making financial decisions which affected the patient care at defendant nursing home facility known as ARISTACARE AT DELAIRE.

83.     As the operations of a licensed long term care facility in New Jersey, Defendants are subject to N.J.S.A. 30:13.1 et seq., which incorporates both the State Regulations found at N.J.A.C. 8:39 and N.J.A.C. 8:36, as well as other governmental regulations.

## STATEMENT OF FACTS

84.      This case arises due to the reckless and careless actions and inactions of defendants, LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z", ABC CORPORATIONS "A" THROUGH "Z", in failing to protect their residents from the COVID-19 virus.

85.     In or around January 2020, defendants were made aware of severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) spreading world-wide and nationally, known colloquially as the coronavirus, that caused severe medical distress and death in individuals who caught the disease,

especially, the elderly.

86.     SARS-CoV-2 is known and documented to cause a debilitating and deadly disease, the Coronavirus disease 2019, colloquially known as "COVID-19".

87.     COVID-19 can and has spread rapidly in long term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

88.     As of January 31, 2022, more than 200,000 residents and workers had died from COVID-19 at nursing homes and other long-term care facilities for older adults in the United States, according to various reports and databases.

89.     Per various news reports, there have been 9,153 confirmed deaths among long-term care residents and staff in the State of New Jersey, more than a quarter of the state's 31,987 confirmed or probable virus deaths.

90.     Since March 2020, ARISTACARE AT DELAIRE reported at least 229 positive COVID-19 cases in their facility among staff and residents, and over 79 resident deaths due to the virus.  It should be noted, that the facility has only 159 residents and 240 beds.

91.     Defendants negligently, recklessly, and unnecessarily exposed their high-risk residents to the COVID-19 virus.

92.     That from on or around May 2018, through April 22, 2020, TAMMY TERRANOVA was a resident at ARISTACARE AT DELAIRE.

93.     That from on or around May 2018, through April 22, 2020, and at all times herein mentioned, defendants LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z", ABC CORPORATIONS "A" THROUGH "Z", possessed, operated, managed, controlled, and maintained the facility.

94.     That from on or around May 2018, through April 22, 2020, and at all times herein mentioned, it was the duty of the defendants, LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z", ABC CORPORATIONS "A" THROUGH "Z", their medical doctors, nurses, physician's assistants, and other medical professionals, and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, to keep the facility in a reasonably safe condition.

95.     That from on or around May 2018, through April 22, 2020, and at all times herein mentioned, it was the duty of the defendants, LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z", ABC CORPORATIONS "A" THROUGH "Z", and their medical doctors, nurses, physician's assistants, and other medical professionals, and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers to properly supervise and ensure a safe environment.

96.     That at all times relevant hereto, the defendants, LINDEN GARDEN ESTATES LLC D/B/A ARISTACARE AT DELAIRE, ARISTACARE LLC, SIDNEY GREENBURGER, CHAYA COHEN, LLC GENVEST, ZVI KLEIN, JOHN and JANE DOES, "A" through "Z", ABC CORPORATIONS "A" THROUGH "Z", their medical doctors, nurses, physician's assistants and other medical professionals, and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers caused, refused and/or neglected to perform their required duties to provide reasonable and adequate health care and rehabilitation to and for plaintiff's decedent, who was unable to attend to her own health, safety and dignity.

97.     While plaintiff's decedent, TAMMY TERRANOVA, was a resident at ARISTACARE

AT DELAIRE she contracted COVID-19, which caused her death on April 22, 2020

98.     The aforementioned occurrence and resulting injuries to plaintiff's decedent were due to the careless, reckless, and negligent conduct of Defendants, their medical doctors, nurses, physician's assistants, and other medical professionals, and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers.

99.     That the aforementioned occurrence and its results thereof were in no way due to any negligence or culpable conduct on the part of the plaintiff.

100.    The plaintiff's decedent's death was a direct result of the Defendants' negligent actions and/or omissions, which placed its residents, including plaintiff's decedent, in immediate jeopardy of serious injury, serious harm, impairment and death, and constitute gross negligence in violation of applicable New Jersey Statutes.

101.    As a direct and foreseeable consequence of Defendants' failures in taking safety precautions during the COVID-19 outbreak/pandemic, TAMMY TERRANOVA sustained loss, damages, injury and death, and her survivors and/or heirs have also sustained loss and damages as a direct consequence of the same.

102.    That the plaintiff was a victim of the COVID-19 virus at ARISTACARE AT DELAIRE was caused solely as a result of the negligence, carelessness and recklessness of Defendants, their medical doctors, nurses, physician's assistants and other medical professionals, and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, and others involved in the ownership, possession, operation, management, use, maintenance and control of the facility, all of which allowed and permitted a hazardous environment at their facility.

103.    Per the New Jersey Department of Health ("NJDOH"), from April 27, 2018, through April

14, 2022, the nursing home facility of defendants, known as ARISTACARE AT DELAIRE, located at 400 W. Stimpson Avenue, Linden, New Jersey 07036, had received at least 37 citations for violations of public health code between 2015 and 2021.

104.    For example, on April 27 2018, June 19, 2019, May 27, 2020 and again on December 14, 2020, ARISTACARE AT DELAIRE was cited due for their failure to establish and maintain an infection prevention and control program ("IPCP") designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of communicable diseases and infections.   Specifically, the facility had failed to establish an infection prevention and control program that included, at a minimum, the following elements: (1) a system for preventing, identifying, reporting, investigating, and controlling infections and communicable diseases for all residents, staff, volunteers, visitors, and other individuals providing services under a contractual arrangement based upon the facility assessment and following accepted national standards; (2) written standards, policies, and procedures for the program, which must include, but are not limited to: (1) a system of surveillance designed to identify possible communicable diseases or infections before they can spread to other persons in the facility; (ii) when and to whom possible incidents of communicable disease or infections should be reported; (iii) standard and transmission-based precautions to be followed to prevent spread of infections; (iv) when and how isolation should be used for a resident, including but not limited to: (A) the type and duration of the isolation, depending upon the infectious agent or organism involved, and (B) a requirement that the isolation should be the least restrictive possible for the resident under the circumstances; (v) the circumstances under which the facility must prohibit employees with a communicable disease or infected skin lesions from direct contact with residents or their food, if direct contact will transmit the disease; and (vi) the hand hygiene procedures to be followed by staff involved in direct resident contact; and (4) a system for recording incidents identified under the facility's IPCP and the corrective actions taken by the

facility.

105.    In 2019, ARISTACARE AT DELAIRE was also cited due to their failure to comply with the requirements of 42 CFR, §483.12(c)(1)(4), for failing to meet standards of quality in response to allegations of abuse, neglect, exploitation, or mistreatment.

106.    That by reason of the negligence of Defendants, plaintiff's decedent TAMMY TERRANOVA was forced to incur medical expenses, disability, pain and suffering, injuries as set forth above, mental anguish, and loss of enjoyment of life, as well as mental and physical deterioration secondary to inappropriate supervision resulting in death.

**AS AND FOR A FIRST COUNT**
**PURSUANT TO NEW JERSEY PRACTICE OF PUBLIC HEALTH**
**N.J. Admin. Code § 8:52-3.1-3.2, N.J. Admin. Code §8.34-1.1-1.6, N.J.S.A § 30:13-5**

107.    Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

108.    Prior to and at all times hereinafter mentioned, the Defendants conducted business as a nursing home facility at 400 W. Stimpson Avenue, Linden, New Jersey 07036, as licensed and defined under New Jersey Practice of Public Health Section 8:34-1.3(a).

109.    Prior to and at all times hereinafter mentioned, the Defendants conducted business as a residential health care facility at 400 W. Stimpson Avenue, Linden, New Jersey 07036, as licensed and defined under New Jersey Practice of Public Health Section 8:34-1.3(a).

110.    Prior to and at all times hereinafter mentioned, the Defendants conducted business as an adult care facility at 400 W. Stimpson Avenue, Linden, New Jersey 07036, as licensed and defined under New Jersey Practice of Public Health Section 8:52-3.1(a).

111.    The aforesaid locations are licensed and defined under New Jersey Practice of Public Health Section 8:34-1.1-1.6.

112.    That at all times hereinafter mentioned, the Defendants were subject to the provisions of New Jersey Rules for Licensing Nursing Home Administrators and Rules Regulating the Nursing Home Administrators Licensing Board Section 8:34-1.1-1.6.

113.    Prior to and at all times hereinafter mentioned, the Defendants were a facility providing therein nursing care to sick, invalid, infirm, disabled, or convalescent persons in addition to lodging and board or health related services, pursuant to New Jersey Practice of Public Health Section 8:52-3.2(a).

114.    Prior to and at all times hereinafter mentioned, the Defendants are a nursing home as within the meaning of New Jersey Rules for Licensing Nursing Home Administrators and Rules Regulating the Nursing Home Administrators Licensing Board Section 8:34-1.3

115.    Prior to and at all times hereinafter mentioned, the Defendants are a residential health care facility within the meaning of New Jersey Rules for Licensing Nursing Home Administrators and Rules Regulating the Nursing Home Administrators Licensing Board Section 8:34-1.3

116.    Prior to and at all times hereinafter mentioned, the Defendants' nursing home was a facility subject to the provisions of New Jersey Practice of Public Health Section 8:52-3.2.

117.    Prior to and at all times hereinafter mentioned, the Defendants, their principals, supervisors, agents, officers, employees, independent medical personnel, independent contractors, and/or Administrator; Assistant Administrator; Director of Nursing; Assistant Director of Nursing; Medical Director; Assistant Medical Director, or any or all of the corporate defendant stockholders, employees independent medical personnel or independent contractors of Defendants' nursing home, and all staff and personnel affiliated with Defendants, were all well aware of the medical conditions and the care that the plaintiff's decedent required, and represented that they could adequately care for the needs of the plaintiff's decedent and persuaded the plaintiff's decedent and her family to that effect.

118.    Plaintiff's decedent was a resident of Defendants' nursing home facility located at 400 W.

Stimpson Avenue, Linden New Jersey 07036.

119.    That from or around May 2018, through April 22, 2020, TAMMY TERRANOVA was under the exclusive care, custody, control, and management of Defendants.

120.    At all times relevant to this complaint, Defendants had a statutorily mandated responsibility to provide plaintiff's decedent with the rights granted to nursing home residents under N.J. Admin. Code § 8:39-4.1.

121.    At all times relevant to this complaint, Defendants had a statutorily mandated responsibility to provide plaintiff's decedent with the rights granted to nursing home residents by N.J.S.A § 30:13.

122.    At the aforementioned times and location, during plaintiff-decedent's residency at the aforementioned facility, the Defendants named herein failed to provide the plaintiff's decedent appropriate ordinary care.

123.    At the aforementioned times and location, during plaintiff-decedent's residency at the aforementioned facility, the Defendants named herein provided plaintiff's decedent care below acceptable standards.

124.    Prior to and at all times relevant to this complaint, the Defendants, their employees, agents, consultants, and independent contractors, deprived the plaintiff-decedent of rights pursuant to New Jersey Practice of Public Health Section 8:52-3.2.

125.    Prior to and at all times relevant to this complaint, the Defendants their employees, agents, consultants, and independent contractors, deprived the plaintiff-decedent of rights pursuant to New Jersey Rules for Licensing Nursing Home Administrators and Rules Regulating the Nursing Home Administrators Licensing Board Section 8:34-1.1-1.6.

126.    The acts and/or omissions committed by employees and agents of the Defendants were pervasive events that occurred and continued throughout plaintiff-decedent's residency at their nursing

home facility and were such that supervisors, administrators and managing agents of Defendants should have been aware of them.

127.    At the aforementioned times and location, as a direct and proximate cause of Defendants' failures, negligent acts, omissions and statutory violations, plaintiff's decedent was caused to develop serious medical conditions, including the COVID-19 virus, causing the plaintiff's decedent to die on April 22, 2020.

128.    At the aforementioned times and location, the Defendants wholly failed to discharge their obligations of care to plaintiff's decedent as required by statute, and also as set forth herein.  Consequently, plaintiff's decedent suffered shortness of breath due to their condition that led to a respiratory failure. Through their process, the plaintiff-decedent experienced suffering and mental anguish.

129.    The scope and severity of the recurrent statutory violations inflicted upon plaintiff-decedent while she was under the care of the facility accelerated the deterioration of her health and physical condition, resulting in physical and emotional trauma described herein, which hastened her death.

130.    At all times relevant to the present Complaint, the Defendants had a duty to plaintiff's-decedent to ensure that their staff consisted of an adequate number of qualified employees and/or independent contractors, both licensed and unlicensed, so that such employees and/or independent contractors delivered care and services to plaintiff's decedent in a reasonably safe and beneficial manner.

131.    At all times relevant to the present Complaint, Defendants' responsibilities and obligations as outlined in New Jersey's Title 8, Chapter 34, Rules for licensing Nursing Home Administrators and Rules regulating the Nursing Home Administrators Licensing Board (Subchapter 1-9),  are non-delegable and Defendants have direct and vicarious liability for violations, deprivations and infringements of such responsibilities and obligations by any person or entity under Defendants' control, direct or indirect, including their employees, agents, consultants and independent contractors, whether in-house or outside

entities, individuals, agencies or pools, or caused by defendant's policies whether written or unwritten, or common customs and practices.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

## AS AND FOR A SECOND COUNT
## FOR NEGLIGENCE

132.    Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

133.    Prior to and at all times hereinafter mentioned, the Defendants owed a duty to TAMMY TERRANOVA and their residents and/or patients at ARISTACARE AT DELAIRE, to keep them safe from outside diseases, infections and/or outbreaks of viruses.

134.    Prior to and at all times hereinafter mentioned, the Defendants breached their duty to TAMMY TERRANOVA by failing to employ effective guidelines to ensure the safety of its residents and staff in order to prevent the spread of the COVID-19 virus at ARISTACARE AT DELAIRE.

135.    Prior to and at all times hereinafter mentioned, the Defendants breached their duty to TAMMY TERRANOVA by failing to effectively monitor residents-visitors and employees-residents' interactions, by failing to monitor food preparation, employees, etc. when the same were dealing with the residents and/or patients in order to prevent the spread of the COVID-19 virus at ARISTACARE AT DELAIRE.

136.    Prior to and at all times hereinafter mentioned, the Defendants, any and/or all of them, as

well as their officers, principals, employees, agents, supervisors, staff, independent medical personnel, and/or independent contractors, both licensed and unlicensed, had a duty to provide ordinary care and exercise the degree of care and skill exercised by a nursing home in the community and consistent with the expertise which defendant publicized to the community.

137.   Prior to and at all times hereinafter mentioned, the Defendants owed a duty to plaintiff's-decedent to hire, train and supervise skilled employees and independent contractors, both licensed and unlicensed, so that such employees and/or independent contractors delivered care and services to plaintiff-decedent in a reasonably safe and beneficial manner.

138.   Prior to and at all times hereinafter mentioned, the Defendants owed a duty to plaintiff's-decedent to have adequate staffing so that such employees and/or independent contractors delivered care and services to plaintiff's decedent in a reasonably safe and beneficial manner.

139.   Prior to and at all times hereinafter mentioned, the Defendants had a statutory obligation to protect the nursing homes resident's rights as set forth in N.J. Admin. Code § 8:52-3.2, and to provide reasonable care under the circumstances.

140.   Prior to and at all times hereinafter mentioned, during the period of plaintiff-decedent's residency at Defendants' nursing home facility, the Defendants breached their duty to exercise and provide ordinary care.

141.   At the aforementioned times and location during the plaintiff-decedent's residency at the aforementioned nursing home facility, the Defendants provided plaintiff/decedent with care below acceptable standards.

142.   Prior to and at all times hereinafter mentioned, the Defendants negligently breached their duties owed to plaintiff's decedent by statutes and common law.

143.   Prior to and at all times hereinafter mentioned, as a result of the foregoing negligent acts

and/or omissions, plaintiff's decedent was subject to Defendants' negligence, which caused her to be forced to undergo medical treatment, incur medical expenses, disability, pain and suffering, injuries as set forth above, mental anguish and loss of enjoyment of life, mental and physical deterioration secondary to inappropriate supervision resulting in death.

144.     Prior to and at all times hereinafter mentioned, plaintiff-decedent's injuries and death were caused wholly and solely by the negligent acts and/or omissions of the Defendants herein.

145.     As a result of the foregoing, plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of the matter.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

## AS AND FOR A THIRD COUNT
## FOR CONSCIOUS PAIN AND SUFFERING

146.     Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

147.     By reason of the foregoing, the plaintiff's decedent sustained severe multiple injuries in, to and about their body resulting in wrongful death.

148.     By reason of the foregoing, the plaintiff-decedents lived and suffered excruciating pain and agony, including but not limited to fear of imminent death.

149.     That as a result of the aforesaid, the Estate of the above-mentioned plaintiff-decedent, sustained damages in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of the matter.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

## AS AND FOR A FOURTH COUNT
## FOR WRONGFUL DEATH

150.    Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

151.    By reason of the foregoing, the plaintiff-decedent sustained severe bodily injuries resulting in wrongful death.

152.    By reason of the foregoing, the plaintiff-decedent left surviving next of kin and distributes.

153.    As a result of the foregoing, the plaintiff-decedent's surviving next of kin and distributes became liable for and expended money for funeral and other expenses.

154.    As a result of the foregoing, the plaintiff-decedent's surviving next of kin and distributes suffered pecuniary damages.

155.    As a result of the foregoing, the plaintiff-decedent's surviving next of kin sustained all other damages allowed by law.

156.    This action is being instituted and maintained on behalf of the next of kin of the plaintiff's decedent pursuant to the provisions of N.J.S.A. 2A:31-1 et seq. and is commenced within two years of plaintiff's decedent's date of death.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life,

wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

## AS AND FOR A FIFTH COUNT
## FOR GROSS NEGLIGENCE

157.    Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

158.    Prior to and at all times hereinafter mentioned, the Defendants acted in so careless a manner as to show complete disregard for the rights and safety of plaintiff-decedent.

159.    Prior to and at all times hereinafter mentioned, the Defendants acted in so reckless a manner or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions or inactions.

160.    Prior to and at all times hereinafter mentioned, the Defendants acted in so reckless a manner or failed to act in circumstances where an omission was clearly required, so as to indicate disregard of the consequences of their actions or inactions.

161.    Prior to and at all times hereinafter mentioned, the Defendants' conduct, as outlined, hereinabove, was in reckless disregard.

162.    Prior to and at all times hereinafter mentioned, the Defendants' conduct, as outlined hereinabove, was willful.

163.    Prior to and at all times hereinafter mentioned, the actions of the defendant were willful and wanton acts, in total disregard of the plaintiff-decedent's well-being, thereby constituting gross negligence and/or thereby constituting willful and wanton acts.

164.    As a result of the foregoing, plaintiff is entitled to punitive damages pursuant to N.J.A.C. 8:42-3.

165.    As a result of the foregoing, the plaintiff has been damaged in a sum which exceeds the

jurisdictional limits of all lower courts which would have jurisdiction of the matter.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

**AS AND FOR A SIXTH COUNT**
**FOR NURSING HOME MALPRACTICE**
**RESULTING IN WRONGFUL DEATH**

166.    Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

167.     That at all times hereinafter mentioned, upon information and belief, the Defendants were and still are engaged in conducting and operating nursing home facilities for the treatment and care of ill and injured persons and holds itself out to the general public as conducting and operating a facility providing such care and accommodations where patients can be treated by competent and skilled physicians and nursing staff.

168.    That at all times hereinafter mentioned, upon information and belief, the Defendants, by their agents, servants and/or employees, undertook to provide to the plaintiff's decedent such nursing and rehabilitation services as are customarily provided in a nursing home and rehabilitation facility, as is the Defendants' facility, and agreed to apply all due skill, care, and judgment appropriate to the provision of such services through their physicians, nurses, agents, servants, or employees.

169.    That at all times hereinafter mentioned, upon information and belief, the aforesaid nursing home facility premises was the situs of the within incident.

170.    That at all times hereinafter mentioned, upon information and belief, while plaintiff-decedent was a resident at Defendants' facility, he was treated by physicians, physicians' assistants and nurses and other staff who were agents, servants and/or employees of said nursing home facility.

171.    That at all times hereinafter mentioned, as a result of the nursing home malpractice and deviation from proper standards of care, negligent acts and/or omissions of the Defendants, their physicians, physicians' assistants, nurses, agents, servants, administrators, and/or employees, the plaintiff's medical conditions worsened, and died.

172.    That at all times hereinafter mentioned, upon information and belief, the plaintiff-decedent's medical condition was especially exacerbated and worsened by reason of the nursing home malpractice and the negligent acts and omissions of the Defendants through their agents, servants and/or employees.

173.    That at all times hereinafter mentioned, upon information and belief, the evaluation, diagnosis, and treatment of the plaintiff-decedent by the defendant, their agents, servants and/or employees, was unreasonably delayed and was not conducted with sufficient promptness.

174.    That by reason of the plaintiff-decedent's medical condition, which was neglected and not properly or timely diagnosed or treated by Defendants, through their agents, servants and/or employees, the plaintiff's decedent was caused to sustain severe and serious personal injuries, including respiratory failure resulting in death.

175.    That at all times hereinafter mentioned, upon information and belief, the Defendants, their agents, servants and/or employees, had supervision, care, custody and control of the plaintiff's decedent and that such supervision, care, custody and control was assumed by Defendants, their agents, servants and/or employees, and said Defendants, their agents, servants, and/or employees were under a duty to properly supervise, monitor and assist in plaintiff-decedent's nursing care and treatment.

176.    That the aforesaid injuries and resulting death of the plaintiff's decedent was caused by the negligence, carelessness, nursing malpractice, and deviations from accepted nursing standards and practices of the Defendants, their agents, servants and/or employees.

177.    That the Defendants, their agents, servants and/or employees, were careless, negligent, grossly negligent, wanton, reckless, committed nursing home malpractice, and deviated from medical and nursing standards and practice in the care and treatment of the plaintiff's decedent in, among other things, failing to properly treat the deceased plaintiff and to timely respond to her symptoms; in failing to provide proper and adequate medical treatment; in failing to provide physicians and staff which were experienced; in providing inexperienced physicians and staff on said premises; in allowing, causing and/or permitting the deceased plaintiff to remain on said nursing home facility premises without the proper and adequate treatment of said conditions; in failing to properly diagnose and treat the plaintiff-decedent in accordance with generally accepted, standards of medical care; in failing to provide prompt treatment to the plaintiff-decedent based upon plaintiff-decedent's symptoms; in carelessly and negligently failing to heed signs, symptoms and/or complaint; in failing to take adequate measures and precautions; in unreasonably delaying in providing proper treatment based upon the plaintiff-decedent's symptoms; in failing to timely intervene when the plaintiff-decedent's symptoms worsened; in failing to properly respond to plaintiff-decedent's conditions and symptoms by providing timely medical treatment; in failing to provide proper and adequate supervision over the plaintiff-decedent in that they disregarded their duty and obligation to plaintiff-decedent to care for them and protect their health and well- being; in negligently caring for and attending to the needs and safety of the plaintiff-decedent in that the defendant, their agents, servants and/or employees, knew of plaintiff-decedent's medical condition and failed to provide necessary care and attention to the plaintiff-decedent; in failing to conduct a proper and thorough assessment to ascertain plaintiff-decedent's condition promptly; in failing to provide prompt medical intervention in view of the

symptoms exhibited by the plaintiff-decedent; in delaying treatment and/or admission to a hospital when they knew or should have known that plaintiff-decedent's critical condition warranted immediate action; in failing to properly supervise, monitor, assess, manage, control and/or provide the necessary assistance in the care and treatment of the plaintiff-decedent; in failing to provide adequate and proper treatment, assessment and supervision to plaintiff-decedent; in failing to properly supervise those examining and treating the plaintiff-decedent; in failing to properly train, supervise and/or oversee their personnel; in negligently caring for and attending to the needs and safety of the plaintiff-decedent in that the defendant, their agents, servants and/or employees, knew of the plaintiff-decedent's medical condition and failed to provide the necessary care and attention to the plaintiff-decedent; in violating N.J. Admin. Code § 8:52-3.2, in failing to appropriately respond to the declining mental state exhibited by deceased plaintiff; in failing to respond to deceased plaintiff's needs and requirements; in failing to respond to changes in decedents condition; in failing to respond to changes in decedents signs and symptoms; exhibited by the deceased plaintiff; in failing to implement proper COVID-19 protocols and procedures; in failing to implore and employ proper infectious disease control procedures; in failing to implore and employ proper staff training and ensure compliance with infectious disease guidelines issued by the State of New Jersey and Federal Health Agency including but not limited to the Center for Disease Control, in failing to properly train staff and ensure compliance with infectious disease protocols; failure to implement proper or timely infectious disease control procedures, in failing to implore and employ proper COVID-19 protocols and procedures; in failing to position plaintiff-decedent in such a manner as to avoid and/or minimize risks of contracting COVID-19; in failing to timely respond as serious risks developed; in failing to diagnose, monitor and treat in timely fashion decedents' conditions; in failing to develop an adequate care plan; in failing to develop a care plan; in failing to timely discuss, update, change, edit a care plan in accordance with decedents needs and wants in violation of Public Health Law, and the effect

of that condition upon decedent's body; in failing to timely prevent, minimize, neutralize, diagnose and treat decedent's injuries and in failing to undertake appropriate tests to ascertain the cause of decedent's declining condition and then to relieve such condition; in failing to provide a clean nursing home for deceased plaintiff; in improperly hiring and continuing to employ incompetent and/or unskilled agents, servants and/or employees; in acting with a negligence and/or reckless disregard for the safety of others; in failing to take those steps necessary to avoid the contingency which occurred; in failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in failing to provide adequate medical treatment which resulted in pain, suffering and death to claimant on or about the 22nd day of April.

178.    That the above medical care, treatment, and services were rendered carelessly, unskillfully, negligently, and not in accordance with the acceptable and prevailing standards of medical care, treatment, and services, thereby constituting nursing malpractice and the breach of duty owed to the plaintiff's decedent.

179.    That by reason of the foregoing, the plaintiff's decedent sustained severe bodily injuries resulting in wrongful death.

180.    That by reason of the foregoing, the Next of Kin of plaintiff's decedent suffered extensive monetary and pecuniary losses, and also incurred and paid out necessary medical, hospital, funeral, and concomitant expenses.

181.    That by reason of the forgoing, plaintiff's decedent, and her Estate, were damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of the matter.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of

enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

**AS AND FOR A SEVENTH COUNT**
**FOR NURSING HOME MALPRACTICE**
**RESULTING IN CONSCIOUS PAIN AND SUFFERING**

182.   Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs as if they are set forth fully herein.

183.   That at all times hereinafter mentioned, the plaintiff-decedent's medical condition was especially exacerbated and worsened, and the plaintiff-decedent sustained multiple injuries in, to and about their body.

184.   That at all times hereinafter mentioned as a result of the medical and nursing malpractice and deviation from proper standards of care, negligent acts and/or omissions of the Defendants, their agents, servants, employees, physicians, physicians' assistants and nurses, the plaintiff-decedent lived through and was caused great pain and suffering.

185.   That by reason of the foregoing, the Estate of TAMMY TERRANOVA was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of the matter.

**WHEREFORE,** the above-mentioned plaintiff demands judgment against all the Defendants herein, in all causes of action, individually, jointly, severally and in the alternative, for damages which will reasonably compensate them for the significant injuries, pain and suffering, loss of enjoyment of life, wrongful death, medical expenses, survivorship benefits, and other damages sustained together with attorneys 'fees, treble damages, punitive damages, interest and costs and disbursements of this action.

Dated: April 21,2022

**NAPOLI SHKOLNIK, PLLC**
*Attorneys for Plaintiff*

By: _____
      NICHOLAS FARNOLO, Esq.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Nicholas Farnolo, Esq. is hereby designated as trial counsel for Plaintiff for the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

The undersigned, Nicholas Farnolo, certifies on behalf of the Plaintiff as follows:

    1. I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named Plaintiff in the subject action.

    2. The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

    3. There are no other parties who should be joined in this action that we are aware of at the present time.

    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)

    I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**DEMAND FOR PRODUCTION OF COMPLETE CERTIFIED COPY OF MEDICAL AND
NURSING RECORDS OF PLAINTIFF'S DECEDENT**

Plaintiffs hereby demand a certified copy of Defendants' entire and complete medical charts and records of plaintiff's decedent, TAMMY TERRANOVA. The records shall be produced as they are kept in the usual course of business pursuant to R:4:18-1(b)(1) and within the time period set out in R:4:18-1(b). Plaintiffs hereby demand an affidavit from Defendants' records custodian that a good faith effort was made to find all documents responsive to this request for production, and that the back page of all such records was likewise copied unless the page was completely blank.

**DEMAND FOR POLICIES AND PROCEDURES**

Plaintiffs demand a complete copy of any and all nursing and administrative policies maintained during the time period in which Plaintiff's decedent, TAMMY TERRANOVA, was a resident at Defendants' facility. The records shall be produced as they are kept in the usual course of business pursuant to R:4:18-1(b)(1) and within the time period set out in R. 4:18-1.

Dated: April 21,2022

**NAPOLI SHKOLNIK, PLLC**
*Attorneys for Plaintiff*

By: _____

NICHOLAS FARNOLO, Esq.

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-001184-22

**Case Caption:** TERRANOVA HOPE  VS LINDEN GARDEN ESTATE S LLC

**Case Initiation Date:** 04/21/2022

**Attorney Name:** NICHOLAS ROCCO FARNOLO

**Firm Name:** NAPOLI SHKOLNIK PLLC

**Address:** 400 BROADHOLLOW RD STE 305

MELVILLE NY 11747

**Phone:** 2123971000

**Name of Party:** PLAINTIFF : Terranova, Hope

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Hope Terranova?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/21/2022

Dated

/s/ NICHOLAS ROCCO FARNOLO

Signed